12-3333-cr
*United States v. Fox*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand fourteen.

PRESENT:

> PIERRE N. LEVAL,
> SUSAN L. CARNEY,
> > *Circuit Judges*,
> KATHERINE POLK FAILLA,
> > *District Judge*.[*]

—————————————————————

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                        No. 12-3333-cr

PAUL FOX, a/k/a Israel Chambers,

> *Defendant-Appellant*.

—————————————————————

**FOR APPELLEE:**                          PAUL D. SILVER (Lisa M. Fletcher, *on the brief*), Assistant U.S. Attorneys, *for* RICHARD S. HARTUNIAN, U.S. Attorney for the Northern District of New York, Albany, NY.

---

[*] The Hon. Katherine Polk Failla, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR DEFENDANT-APPELLANT:**　　　　　JAMES M. BRANDEN (Katherine Alfieri, *on the brief*), Law Offices of Katherine Alfieri, New York, NY.

Appeal from a judgment of conviction of the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-Appellant Paul Fox (also known as Israel Chambers) appeals from a judgment of conviction entered on August 15, 2012, following his guilty plea to conspiracy to possess with intent to distribute more than 280 grams of cocaine base, in violation of 21 U.S.C. §§ 841 and 846. The crime to which Fox pleaded guilty ordinarily carries a mandatory minimum sentence of ten years' imprisonment, *see* 21 U.S.C. § 841(b)(1)(A), but the statute also provides that "[i]f any person commits such a violation after a prior conviction for a felony drug offense has become final," that person will be subject to a mandatory minimum term of twenty years' imprisonment. *Id.* Pursuant to 21 U.S.C. § 851, the statute governing the procedures for establishing such prior convictions, the Government filed a special information alleging that Fox was previously convicted of Criminal Sale of a Controlled Substance in the Fifth Degree, in violation of N.Y. Penal Law § 220.31, a felony under New York law. Based on that prior felony drug conviction – the existence of which Fox affirmed in open court, *see* Appellant's App'x at 76 – the District Court sentenced Fox principally to the mandatory minimum term of twenty years.

On appeal, Fox challenges his conviction and sentence on multiple grounds, arguing *inter alia* that the District Court: (1) violated Federal Rule of Criminal Procedure 11(b)(1)(I) by failing to fully apprise him of the mandatory minimum sentence he would face by pleading guilty, thereby rendering his plea involuntary; (2) failed to comply with Section 851's procedures for enhancing his sentence based on his prior conviction; (3) erred in finding him competent to stand trial or to enter a guilty plea; and (4) erroneously denied his request for substitute counsel. We assume the parties' familiarity with the underlying facts and the procedural history of this case, to which we refer only as necessary to explain our decision to affirm.

2

## 1. *Rule 11(b)*

Fox first claims that the District Court violated Rule 11(b)(1)(I) by accepting his guilty plea without adequately informing him of the twenty-year mandatory minimum sentence he faced under 21 U.S.C. § 841(b)(1)(A). Where, as here, the defendant "never sought to withdraw his plea, and did not object at any time or in any way to the alleged Rule 11 violation in the district court, we review for 'plain error.'" *United States v. Espinal*, 634 F.3d 655, 658 (2d Cir. 2011). To show plain error in the context of a Rule 11 violation, a defendant must establish (among other things) that "there is a reasonable probability that, but for the error, he would not have entered the plea." *Id.* (internal quotation marks omitted). Fox has failed to meet that burden.

At the District Court's direction, the Government orally advised Fox during his plea hearing that, as a result of his prior felony drug conviction, he was subject to a mandatory minimum term of twenty years' imprisonment. *See* Appellant's App'x at 72-73. But even assuming, *arguendo*, that the District Court's plea colloquy was inadequate in this regard under Rule 11(b),[1] Fox still has not met his burden to show "a reasonable probability that, but for the error, he would not have entered the plea." *Espinal*, 634 F.3d at 658 (internal quotation marks omitted). Fox admits that the Presentence Report ("PSR"), which was filed and made available to him well before sentencing, specifically advised that a twenty-year mandatory minimum applied to his case. *See* Appellant's Reply Br. at 7. And although Fox lodged multiple objections to the PSR – including an objection to the mandatory minimum itself – he never expressed to the court any surprise at the twenty-year term he faced, nor did he ever seek to withdraw his guilty plea in light of the mandatory minimum that the PSR identified. As our precedents make clear, "[w]here a defendant, before sentencing, learns of information erroneously omitted in violation of Rule 11 but fails to attempt to withdraw his plea based on that violation, there can be no reasonable probability that, but for the Rule 11 violation, he would not have entered the plea, and the plain error standard is not met." *United States v. Vaval*, 404 F.3d 144, 152 (2d Cir. 2005) (internal quotation marks and brackets omitted). Accordingly, Fox has

---

[1] During the plea proceeding, the Government correctly recited the maximum and mandatory minimum statutory penalties that would be implicated by Fox's guilty plea, as well as the applicable range under the United States Sentencing Guidelines. Later on in the proceeding, however, both Fox and the District Court made statements that could be interpreted to suggest a misperception of those penalties. Given the complexity of the sentencing issues involved, it would have been preferable for the Government to have ensured on the record that the District Court did not mislead the defendant as to his sentencing exposure. In other words, having obtained the relevant sentencing information in advance of the plea proceeding, and having accurately stated it on the record to inform the defendant and assist the District Court, the Government should have paid more careful attention to the remainder of the colloquy, in order to ensure that nothing that was said by the Court confused or misstated the sentencing exposure.

not demonstrated that the District Court's Rule 11(b) omissions or mistakes, if any, amounted to plain error.

## 2. *Compliance with Section 851 Procedures*

Fox next argues that his sentence was erroneously enhanced because the District Court failed to follow the procedural requirements of Section 851. Since Fox lodged no objection of this type in the court below, the Government urges us to review this claim for plain error only. Although our precedents counsel that the court's "[f]ailure to adhere to the letter of § 851's procedures does not automatically invalidate the resulting sentence," *Espinal*, 634 F.3d at 665, we have not yet ruled on whether such unpreserved claims of procedural error are subject to review for "plain error," or "harmless error." *See United States v. Roman*, 464 F. App'x 32, 34 (2d Cir. 2012) (noting that, in *Espinal*, "[w]e left open the question of whether failure to adhere to § 851's procedures is subject to plain error or harmless error review"). But we need not decide that issue today; as explained below, Fox's claim fails under either standard.

Generally speaking, to impose an enhanced sentence based on a prior felony drug conviction under Section 841(b), the court must follow the "specific, multistep procedure" outlined under Section 851. *Espinal*, 634 F.3d at 662. As relevant here, that procedure requires the court (1) to inquire of the defendant, after conviction but before sentencing, whether he "affirms or denies that he has been previously convicted as alleged in the information"; and (2) to "inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence." 21 U.S.C. § 851(b). Fox argues that the District Court failed to comply fully with these requirements, and he was prejudiced as a result. We disagree.

The record reveals that, during the plea colloquy, the District Court asked Fox directly whether he had been convicted of a prior drug felony as alleged by the Government, and Fox responded in the affirmative. Appellant's App'x at 76. Upon our careful review of the record, we are satisfied that Fox's admission, made in open court, was sufficient for Section 851(b) purposes. True, the District Court did not explain that Fox would waive any later challenge to that predicate conviction by failing to raise the challenge before sentencing. But this oversight caused no prejudice. Fox has not shown that he has any challenge to the validity of the prior conviction.

Accordingly, there was no way that, with more complete advice from the court, he could have nullified the obligation to sentence him as a prior offender.[2]

### 3. *Competency Determination*

Fox next argues that the District Court erred in finding him competent to stand trial or enter a guilty plea. To be considered "competent," a defendant must have "(1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and (2) a rational as well as factual understanding of the proceedings against him." *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995) (internal quotation marks omitted). In making a competency determination, the court may rely on medical opinions, its observation of the defendant's behavior, and other factors. *Id.* at 411. Where, as here, the district court conducted a hearing, we review the court's competency findings for clear error. *See United States v. Morrison*, 153 F.3d 34, 46 (2d Cir. 1998). In Fox's case, we identify none.

At the request of Fox's counsel, the District Court ordered a psychological evaluation and conducted a thorough competency hearing, at which Fox testified about his understanding of the charges and proceedings against him. At the hearing, the District Court stated that it had reviewed "in detail" a report prepared by a Bureau of Prisons ("BOP") psychologist that concluded, among other things, that (1) Fox possessed a rational and factual understanding of the proceedings against him; (2) Fox had a capacity to assist legal counsel in his defense; and (3) Fox could rationally make decisions regarding legal strategy. Relying on that report, as well as Fox's own testimony, the District Court found that Fox was indeed "competent to stand trial." Appellant's App'x at 47-48.

As the trier of fact, the District Court was well within its province to give weight to the BOP psychologist's opinion, *see United States v. Zhou*, 428 F.3d 361, 380 (2d Cir. 2005) (holding that a court evaluating competency may reasonably "rely on the expertise of a forensic psychologist associated with the BOP," who is "presumably familiar with patients similarly situated"), and did not clearly err

---

[2] Fox also claims that the District Court plainly erred by engaging in impermissible judicial fact-finding regarding the existence of his prior conviction, in violation of his Sixth Amendment right to trial by jury. We disagree. *See Almendarez-Torres v. United States*, 523 U.S. 224, 239-47 (1998) (holding that, where a statute provides for an enhanced penalty based on a defendant's prior conviction, the fact of conviction is a sentencing factor to be determined by the court rather than a jury); *see also Alleyne v. United States*, 133 S. Ct. 2151, 2160 & n.1 (2013) (concluding that a fact that increases a mandatory minimum sentence, such as brandishing of a firearm, must be found by a jury, but declining to revisit the holding in *Almendarez-Torres*). In any event, because Fox admitted that he was previously convicted of a drug felony, there was no need for "fact-finding" of any kind, judicial or otherwise. To the extent the record reflects any confusion about the exact date of the prior conviction – i.e., whether it was February 17, 1993 or 1994 – Fox never challenged the fact of the prior felony conviction, and the dates were adequately reconciled without objection at the plea hearing.

in relying as well on its own observations of Fox's conduct in the courtroom when assessing the defendant's level of rationality and understanding. Accordingly, the District Court's competency determination provides no ground for reversal.

### 4. *Denial of Request for New Counsel*

Last, Fox contends that the District Court violated his Sixth Amendment right to counsel of his choice when it refused to appoint substitute counsel a third time. A district court's denial of a request to appoint new counsel is reviewed for abuse of discretion, *United States v. Hsu*, 669 F.3d 112, 122 (2d Cir. 2012), and we generally consider four factors in evaluating the exercise of that discretion: "(1) whether the defendant's motion for new counsel was timely; (2) whether the district court adequately inquired into the matter; (3) whether the conflict between defendant and attorney 'was so great that it resulted in a total lack of communication preventing an adequate defense;' and (4) 'whether the defendant substantially and unjustifiably contributed to the breakdown in communication.'" *Id.* at 122-23 (quoting *United States v. John Doe No. 1*, 272 F.3d 116, 122-23 (2d Cir. 2001)).

Here, the District Court acted well within its discretion when it refused to allow yet another substitution of appointed counsel. When Fox applied for new counsel, the District Court had already appointed two different attorneys to represent him over the course of the previous year, and Fox's scheduled trial date was only five months away. In addition, Fox's complaints about his counsel's performance – namely, that counsel failed to provide him with documents, that he was always in a hurry, and that he was having trouble understanding Fox's Jamaican accent – were not so substantial that they "resulted in a total lack of communication preventing an adequate defense." *Hsu*, 669 F.3d at 123 (internal quotation marks omitted). Accordingly, it was not an abuse of discretion for the District Court to deny Fox's request in the interest of avoiding unnecessary delays.

\*\*\*

We have considered all of Fox's other arguments on appeal and find them to be without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

6