12-1258-cr
U.S. v. Alvarado

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of July, two thousand fourteen.

PRESENT: GUIDO CALABRESI,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                                   No. 12-1258-cr

CELSO FRANCISCO ALVARADO, Aka Rudy Castillo,

*Defendant-Appellant*,

_____

FOR APPELLANT:        CHARLES F. WILLSON, Nevins Law Group LLC, East Hartford, Connecticut.

FOR APPELLEE:         HADASSA WAXMAN, Assistant United States Attorney (Justin S. Weddle, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Laura Taylor Swain, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this appeal is **DISMISSED**.

Defendant-appellant Celso Francisco Alvarado appeals from the District Court's judgment of conviction following his plea of guilty to one count of conspiracy to distribute and to possess with intent to distribute at least five kilograms of cocaine and at least 280 grams of cocaine base and one count of distributing and possessing with intent to distribute at least 28 grams of cocaine base in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B), 846, and 18 U.S.C. § 2. On appeal, Alvarado argues that his plea, which included a relinquishment of his right to appeal, was invalid because the District Court did not advise him of the immigration consequences of his plea. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

"Waivers of the right to appeal a sentence are presumptively enforceable." United States v. Arevalo, 628 F.3d 93, 98 (2d Cir. 2010). The "exceptions to the presumption of the enforceability of a waiver . . . occupy a very circumscribed area of our jurisprudence." United States v. Riggi, 649 F.3d 143, 147 (2d Cir. 2011) (quotation marks omitted). A defendant may "seek relief from the underlying plea where the plea was not knowing and voluntary, or where sentencing was based on a constitutionally impermissible factor such as bias." United States v. Haynes, 412 F.3d 37, 39 (2d Cir. 2005) (citations omitted).

Alvarado argues that his plea was not knowing and voluntary because the District Court did not sufficiently inform him of the immigration consequences of his plea. But the District

Court did inform Alvarado that a guilty plea could affect his immigration status; the Court asked Alvarado if he understood that "if [the Court] accept[ed] [his] guilty plea and adjudge[d] [him] guilty, there [might] be adverse effects on [his] immigration status, including further detention following the completion of [his] sentence, and removal or deportation from the United States" and he responded "[y]es." J. App'x at 40. Although the District Court did not go onto to address other immigration consequences possibly attendant to the guilty plea, Alvarado did not object to the breadth of the court's basic advice, nor did he request any further instruction from the court. We therefore review the court's colloquoy with Alvarado for plain error. See United States v. Espinal, 634 F.3d 655, 658 (2d Cir. 2011).

Alvarado argues that Padilla v. Kentucky, 559 U.S. 356 (2010), requires us to hold that district courts are constitutionally obligated to apprise defendants of a range of immigration consequences beyond the fact of probable deportation. But Padilla holds that a lawyer provides ineffective assistance by failing to advise a defendant "that he faces a risk of deportation." Id. at 373-74. Even assuming arguendo that a court must provide such advice to assure the voluntariness of a plea, Alvarado cites no case of either the Supreme Court or our Court, and we have found none, that can be read to require more advice from courts than the warnings given here. We thus find no plain error in the District Court's advice. See United States v. Garcia, 587 F.3d 509, 520 (2d Cir. 2009) (citing United States v. Olano, 507 U.S. 725, 734 (1993)).

To be sure, Rule 11 now requires that a court specifically advise non-citizens not just that they may be removed, but also that they "may be . . . denied citizenship, and denied admission to the United States in the future." Fed. R. Crim. P. 11(b)(1)(O). That version of Rule 11, however, was not in force at the time of Alvarado's plea; indeed, in December 2011, Rule 11 did

3

not require district courts to give any advice to defendants about the potential immigration consequences of a plea.  Thus, the District Court complied with the requirements of Rule 11 in force at the time, and gave Alvarado fair warning that a criminal conviction might affect his ability to remain in the United States.

We therefore reject Alvarado's claim that his plea was not knowing and voluntary because he did not receive adequate advice from the District Court about the immigration consequences of his plea.  We have considered Alvarado's remaining arguments and conclude they are also without merit.

Because Alvarado's valid guilty plea included a waiver of his right to appeal, his appeal is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk