*United States of America v. Collymore*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand twenty-one.

PRESENT:     RICHARD J. SULLIVAN,
             MICHAEL H. PARK,
             WILLIAM J. NARDINI,
                  *Circuit Judges.*

_____

United States of America,

                              *Appellee*,

          v.                                              19-596

Dwaine Collymore, AKA Twin,

                  *Defendant-Appellant*.[1]

_____

---

[1] The Clerk of Court is respectfully directed to amend the caption as reflected above.

For Appellant:                                    MICHELLE ANDERSON BARTH, Law Office of Michelle Anderson Barth, Burlington, VT.

For Appellee:                                     JARED LENOW (Hagan Scotten and Won S. Shin, *on the brief*), Assistant United States Attorneys, *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **AFFIRMED**.

Defendant Dwaine Collymore appeals from a judgment of conviction (McMahon, *J.*) following his guilty plea to four criminal charges stemming from an attempted robbery, during which Collymore fatally shot a man in the head as the already-injured victim lay defenseless on the ground. Specifically, Collymore pleaded guilty to (1) conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951; (2) attempted Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2; (3) using, brandishing, and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (ii), (iii), and 2; and

2

(4) murdering a person with a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(j)(1) and 2. After Collymore pleaded guilty, Judge McMahon sentenced him to 525 months' imprisonment, observing that she was "hard pressed to think of a more heinous, cold-blooded crime in 23 years as a judge." App'x at 113. Collymore raises two arguments on appeal, neither of which persuades us.

*First*, Collymore relies on the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), to argue that his firearms convictions must be vacated because they derive from his conviction for attempted Hobbs Act robbery, which he argues is not categorically a crime of violence. But this argument is now foreclosed by *United States v. McCoy*, where we held that "Hobbs Act attempted robbery qualifies as a crime of violence under § 924(c)." 995 F.3d 32, 57 (2d Cir. 2021).

*Second*, Collymore contends that the magistrate judge who presided over his plea colloquy misinformed him about his mandatory minimum sentence, and thus violated Rule 11 of the Federal Rules of Criminal Procedure, when she told him that he faced a minimum sentence of 30 years' imprisonment. Although Collymore in fact did face a 30-year mandatory minimum at the time he appeared

before the magistrate judge for his change of plea hearing, the First Step Act later reduced the mandatory minimum to 15 years. *See* Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5221–22 (2018). Citing this statutory amendment, along with his purported misgivings throughout the district court proceedings, Collymore now argues that the record casts doubt on whether he knowingly and voluntarily pleaded guilty. We disagree.

Where, as here, a defendant never objected in the district court to the purported Rule 11 violation, the defendant must establish plain error. *United States v. Mercado*, 349 F.3d 708, 709 (2d Cir. 2003). To be plain, an error of the district court must be "obviously wrong in light of existing law." *United States v. Pipola*, 83 F.3d 556, 561 (2d Cir. 1996). In addition, "to show plain error, a defendant must establish . . . that there is a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Espinal*, 634 F.3d 655, 658 (2d Cir. 2011) (internal quotation marks omitted).

There is no dispute that when Collymore appeared for his change of plea hearing on February 15, 2018, the magistrate judge correctly informed him of the mandatory minimum sentences then required by § 924(c). Nevertheless, by the time Collymore appeared for sentencing in February 2019, the First Step Act had

4

been signed into law, eliminating the enhanced penalty for multiple § 924(c) convictions charged in the same indictment where the defendant does not have a prior final § 924(c) conviction. But even if we assume the legal fiction that the magistrate judge committed a Rule 11 error by failing to predict the passage of the First Step Act, Collymore still could not satisfy the plain error standard because there is no "reasonable probability" that, but for the magistrate judge's announcement of the 30-year mandatory minimum, Collymore would not have entered his plea. *Id.*

As clearly reflected in the record, Collymore was repeatedly informed before sentencing about the new mandatory minimum sentence under the First Step Act, and yet he never requested to withdraw his plea or indicated dissatisfaction with it. For example, in January 2019, both defense counsel and the government filed letters with the court acknowledging the impact of the First Step Act on Collymore's § 924(c) convictions. In mid-February, Collymore received – and reviewed with counsel – an updated Presentence Investigation Report that expressly "corrected and clarified" the penalties for Count 4 "[i]n light of the enactment of the First Step Act of 2018." PSR at 27. And at the commencement of the sentencing proceeding on February 25, 2019, the district

5

court correctly advised Collymore of the post-First Step Act mandatory minimums. At no point did Collymore express confusion or doubt as to the revised penalties he faced, nor did he ever attempt to withdraw his plea or assert a desire to go to trial. This case is thus entirely different from a case where the district court "failed to rectify" possible confusion by notifying the defendant of relevant changes in the law that occurred after the defendant pleaded guilty but before he was sentenced. *United States v. Harrington*, 354 F.3d 178, 180 (2d Cir. 2004). If the mandatory minimum sentence had actually mattered to Collymore's plea decision, "once he learned the shorter [minimum] applied[,] he surely would have asked the district court to permit him to withdraw his plea." *United States v. Westcott*, 159 F.3d 107, 112 (2d Cir. 1998). But he never did.

Nothing else in the record suggests that a reduction to the applicable mandatory minimum sentence would have altered Collymore's decision to plead guilty. Though Collymore contends that a misstatement from the district court at his initial sentencing conference in February 2019 contributed to his confusion, that misstatement – made nearly a year *after* Collymore pleaded guilty – obviously could not have "had an effect on his decision to plead guilty." *Harrington*, 354 F.3d at 184 (internal quotation marks omitted). And while Collymore expressed

6

some concerns as to his counsel's effectiveness after he pleaded guilty, he did not indicate that those concerns were in any way tied to his mandatory minimum sentence. As his attorney put it when requesting a sentencing adjournment, any misgivings that Collymore expressed prior to his sentencing were "not addressed to the plea at all." App'x at 92. Moreover, even if Collymore could have predicted the eventual passage of the First Step Act before pleading guilty, such knowledge likely would not have aided him in negotiating a plea deal with the government since, as the government emphatically stated during the plea colloquy, "no formal plea offer has been made[,] and none will be made." App'x at 38. We therefore cannot conclude that the purported Rule 11 error made any difference in Collymore's guilty-plea calculation. *See Espinal*, 634 F.3d at 658; *Harrington*, 354 F.3d at 184.

We have considered Collymore's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7