17-2072-cr
United States v. Welch

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October, two thousand eighteen.

PRESENT:     GERARD E. LYNCH,
             PETER W. HALL,
                        *Circuit Judges,*
             WILLIAM F. KUNTZ,
                        *District Judge.*

------------------------------------------------------------------------
UNITED STATES OF AMERICA,

                        *Appellee,*


             v.                                              No. 17-2072-cr

DANIEL MATTLER, AKA BOONE, BETHLYN FELIX, PATRICK GRAHAM, AKA PETE, STEVE CAYEA, ALLEN SYDER, ALLAN SNYDER,

                        *Defendants,*

MICHAEL WELCH,

                        *Defendant-Appellant.*

------------------------------------------------------------------------

* Judge William F. Kuntz, of the United States District Court for the Eastern District of New York, sitting by designation.

1

FOR APPELLANT:                    David C. Pilato, LaDuca Law Firm, LLP, Rochester, New York, and *pro se* (*on the supplemental brief*).

FOR APPELLEE:                     Monica J. Richards, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Siragusa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the amended judgment of the district court is **AFFIRMED**.

Following a jury trial in the district court, Defendant-Appellant Michael Welch was convicted of conspiracy and substantive counts relating to manufacturing marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 846, and 856(a)(1). Welch appealed a judgment entered October 26, 2012, sentencing him principally to 144 months' imprisonment. A panel of this court affirmed Welch's conviction, but vacated and remanded his sentence because he was sentenced as a Career Offender under the United States Sentencing Guidelines, and his prior New York State conviction for attempted second-degree burglary did not in fact qualify as a "crime of violence" under § 4B1.2(a) of the Guidelines. *See United States v. Welch*, 641 Fed. App'x 37 (2d Cir. 2016) (summary order). On remand, Welch was sentenced to 120 months' imprisonment. He appeals from that amended judgment.

We assume the parties' familiarity with the facts, record of prior proceedings, and arguments on appeal, which we reference only as necessary to explain our decision to affirm.

2

Welch first argues that the district court did not comply with the procedural requirements of 21 U.S.C. § 851 in applying the 120-month mandatory minimum for a person who violates 21 U.S.C. § 841(a)(1) "after a prior conviction for a felony drug offense has become final." 21 U.S.C. § 841(b)(1)(B); *see United States v. Espinal*, 634 F.3d 655, 662 (2d Cir. 2011) (setting forth the procedural requirements of § 851). Pursuant to 21 U.S.C. § 851(a), the United States Attorney is required to file a timely and sufficient enhancement information before the defendant may be sentenced under § 841's "prior conviction" enhancement. If the defendant, upon being asked by the district court, "denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid, he shall file a written response to the information," and the district court is then to "hold a hearing to determine any issues raised by the response which would except the person from punishment." 21 U.S.C. §§ 851(b) – (c).

In this case the district court asked Welch and his attorneys multiple times if he admitted that he was the person identified in the predicate convictions contained in the § 851 information, and he responded affirmatively, including under oath and after the district court clarified what Welch was answering to. The district court was not required to hold a hearing.

Welch also raises the argument, for the first time on appeal, that the convictions contained in the § 851 information were not convictions for a felony drug offenses. To the extent this argument is not waived it is meritless. The certified judgments in the record are for convictions for criminal possession and sale of cocaine, and Welch was imprisoned for more than one year. *See* 21 U.S.C. § 802 (44).

3

Under § 851(e), "No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction." Welch is time barred from challenging the validity of the convictions contained in the § 851 information.

Welch next argues that 21 U.S.C. § 802(44), which defines the term "felony drug offense" as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances[,]" is void for vagueness. Welch argues that "conduct relating to" is "virtually limitless." Appellant's Br. at 34; *Pro Se* Supp. Br. at 2 – 3. "We review *de novo* challenges to the meaning and constitutionality of statutes . . . ." *United States v. Cullen*, 499 F.3d 157, 162 (2d Cir. 2007). Welch did not raise this argument to the district court before or after his last appeal. We therefore review his sentence for plain error. *United States v. Verkhoglyad*, 516 F.3d 122, 128 (2d Cir. 2008); *United States v. Villafuerte*, 502 F.3d 204, 2011 (2d Cir. 2007). To demonstrate plain error, a defendant must show: "(1) error, (2) that is plain and (3) affects substantial rights." *Villafuerte*, 502 F.3d at 209 (citing *United States v. Banks*, 464 F.3d 184, 189 (2d Cir. 2006); *United States v. Doe*, 297 F.3d 76, 82 (2d Cir. 2002)).

"For an error to be plain, it must, at a minimum, be clear under current law. We typically will not find such error where the operative legal question is unsettled, including where there is no binding precedent from the Supreme Court or this Court." *United States v. Whab*, 355 F.3d 155, 158 (2d Cir. 2004) (internal quotation marks omitted). Welch points to

4

no decision that held § 802(44) to be void for vagueness. *See United States v. Weintraub*, 273 F.3d 139, 152 (2d Cir. 2001). Moreover, any arguable vagueness did not affect Welch's substantial rights. Whatever lack of clarity there may be about the furthest limits of the conduct covered by "relating to" the listed substances, there can be no doubt that possessing and selling cocaine lie unambiguously at the very heart of the definition. It was not plain error for the district court to follow § 802(44) in sentencing Welch.

Welch also argues that he was provided with ineffective assistance by his counsel before the district court. "When faced with a claim for ineffective assistance of counsel on direct appeal, we may: (1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us." *United States v. Morris*, 350 F.3d 32, 39 (2d Cir. 2003) (internal quotation marks omitted). The third course of action is appropriate when the factual record is fully developed and resolution of the Sixth Amendment claim on direct appeal is "beyond any doubt" or "in the interest of justice." *United States v. Khedr*, 343 F.3d 96, 100 (2d Cir. 2003) (internal quotation marks omitted). We have expressed a "baseline aversion to resolving ineffectiveness claims on direct review." *United States v. Williams*, 205 F.3d 23, 35 (2d Cir. 2000). This aversion is due in part to the reasoning that "the allegedly ineffective attorney should generally be given the opportunity to explain the conduct at issue." *Khedr*, 343 F.3d at 100.

Welch puts forward no persuasive reason why his ineffective assistance of counsel claim should be decided on direct appeal, and we decline to decide it here.

5

We have considered all Appellant's arguments and conclude that they are without merit.

Accordingly, we **AFFIRM** the amended judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court