10-732-cr
*United States of America v. Roman*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of March, two thousand and twelve.

PRESENT:  BARRINGTON D. PARKER,
          RICHARD C. WESLEY,
                  *Circuit Judges*,
          SIDNEY H. STEIN,[*]
                  *District Judge.*

----

UNITED STATES OF AMERICA,

                  *Appellee*,

        -v.-                                    10-732-cr

MILTON ROMAN, AKA JUSTICE,

                  *Defendant-Appellant.*

----

----

[*]Judge Sidney H. Stein, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT:    MARJORIE M. SMITH, Piermont, NY.

FOR APPELLEE:     ROBERT M. SPECTOR, Assistant United States Attorney (Sandra S. Glover, Assistant United States Attorney, *on the brief*), *for* David B. Fein, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from the United States District Court for the District of Connecticut (Dorsey, *J.*)

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the District of Connecticut be **AFFIRMED**.

Defendant-Appellant Milton Roman appeals from a judgment of the United States District Court for the District of Connecticut (Dorsey, *J.*), sentencing him to 240 months' imprisonment and ten years of supervised release. We assume the parties' familiarity with the underlying facts and procedural history.

This appeal arises out of the district court's sentencing proceeding following defendant's plea of guilty to one count of conspiracy to possess with intent to distribute and distribution of 50 grams or more of cocaine base and 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A), and 846.

Roman contends that the district court failed to satisfy the notice requirement of 21 U.S.C. § 851(b) and to resolve disputed issues related to the calculation of his Guidelines sentence. In a supplemental *pro se* brief Roman also contends that the court erred in imposing a second-offender enhancement under 21 U.S.C. § 841(b)(1)(A) because the prior convictions relied on by the government as predicate felonies are not prior "felony drug offense[s]" within the meaning of § 841(b)(1)(A).

The violation to which Appellant pled guilty ordinarily carries a statutory minimum penalty of 10 years' imprisonment and a statutory maximum of life imprisonment. *Id.* § 841(b)(1)(A). Section 841(b)(1)(A) also provides, however, that "[i]f any person commits such a violation after a prior conviction for a felony drug offense has become final," that person will be subject to a mandatory minimum term of 20 years' imprisonment and a maximum term of life imprisonment. *Id.* To impose an enhanced sentence based on a prior felony drug conviction under 21 U.S.C. § 841(b), the court must follow the "specific, multistep procedure" explained in 21 U.S.C. § 851. *United States v. Espinal*, 634 F.3d 655, 662 (2d Cir. 2011). Part of that procedure requires the court to ask the defendant, after he

3

is found or pleads guilty but before a sentence is imposed, "whether [the defendant] affirms or denies that he has been previously convicted as alleged in the information."  21 U.S.C. § 851(b).  "At the same time, the court also 'shall inform [the defendant] that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.'"  *Espinal*, 634 F.3d at 662 (quoting 21 U.S.C. § 851(b)).

Roman alleges, and the government concedes, that the court failed to comply with the procedures required by § 851(b).  In *Espinal*, we held that "failure to adhere to the letter of § 851's procedures does not automatically invalidate the resulting sentence." *Id.* at 665.  We left open the question of whether failure to adhere to § 851's procedures is subject to plain error or harmless error review.  We need not decide the issue in this case because Roman's claim fails even under the more lenient harmless error standard.

The purpose of § 851(b) is to alert defendants of their right to challenge a second-offender enhancement.  In this case, it is plain from the record that Appellant was fully aware of his rights under § 851 because he acknowledged and reserved those rights in his plea agreement and because he

4

exercised those rights by challenging the second-offender enhancement in his sentencing memorandum. And, unlike in *Espinal*, where there was a question as to whether defendant was the person convicted of the crimes used to apply the second-offender enhancement, Appellant here does not contest that he was the defendant in the state convictions relied upon by the government. Furthermore, Appellant does not, and could not, challenge the validity of the underlying convictions. 21 U.S.C. § 851(e).

Appellant's only challenge to the second-offender enhancement, therefore, is that the convictions provided in the second offender notice are not valid predicates for a sentencing enhancement because they are not felony drug offenses. Appellant is wrong. Appellant's guilty plea transcript from the 2000 Connecticut conviction for violation of Conn. Gen. Stat. § 21a-279(a) qualifies as a prior felony drug conviction under the modified categorical approach, *see United States v. Savage*, 542 F.3d 959, 964 (2d Cir. 2008), because Appellant admitted that he was pleading guilty to committing a crime involving crack cocaine. And the 2002 New York conviction for violation of New York Penal Law § 220.16(1) plainly qualifies as a felony drug offense under the categorical approach, *see United States v. Folkes*,

622 F.3d 152, 157 (2d Cir. 2010) (per curiam).  Therefore, both prior state convictions relied on by the government qualify as felony drug offenses under § 841(b)(1)(A) and support the second-offender enhancement applied here.

Because Appellant has no valid challenge to the second-offender enhancement and was aware of his rights under § 851(b), the district court's failure to engage in the § 851(b) colloquy was harmless.

Roman also argues that the district court erred in failing to resolve disputed issues regarding the calculation of his Guidelines sentence and in failing to identify which of the two convictions relied on by the government to support a second-offender enhancement actually qualified as a predicate felony.  Because the district court sentenced Roman to the mandatory minimum, any error the court made in failing to resolve these issues was necessarily harmless. *See United States v. Parker*, 577 F.3d 143, 147-48 (2d Cir. 2009).  Similarly, the court did not err in failing to specify which of the two convictions relied on by the government satisfied the requirements of the second-offender enhancement because both convictions were sufficient predicates for the enhancement.

We have reviewed Roman's other arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk