20-230-cr
United States v. Ramkissoon (Brathwaite)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand twenty-one.

PRESENT:  JOSÉ A CABRANES,
REENA RAGGI,
RICHARD J. SULLIVAN,
*Circuit Judges.*

-------------------------------------------------------------------------
UNITED STATES OF AMERICA,

*Appellee*,

v.

KENRICK BRATHWAITE,

*Defendant-Appellant*,

POORAN RAMKISSOON, also known as "Gary," HAYMAN RAMKISSOON, CHANEL STEVENS,

*Defendants.*
-------------------------------------------------------------------------

| | |
|---|---|
| FOR APPELLANT: | MATTHEW BRISSENDEN, Matthew Brissenden, P.C., Garden City, New York. |
| FOR APPELLEE: | JO ANN M. NAVICKAS, PHILIP A. SELDEN, Assistant United States Attorneys, *for* Seth D. DuCharme, Acting United States Attorney for the Eastern District of New York, Brooklyn, New York. |

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT the judgment entered on January 15, 2020, is AFFIRMED.

Defendant Kenrick Brathwaite stands convicted for (1) conspiracy to import cocaine, *see* 21 U.S.C. §§ 952(a)(1), 963; and (2) conspiracy to possess cocaine with intent to distribute, *see id.* §§ 841(a), 846. On this appeal, Brathwaite does not dispute his guilt. Rather, he challenges only that part of the judgment requiring him to serve concurrent 18-month prison terms followed by a total of two years' supervised release for these crimes. Pointing to the jury's special verdict finding that the government had not demonstrated beyond a reasonable doubt that Brathwaite knew or should reasonably have foreseen that the proved conspiracies involved cocaine, Brathwaite argues that the district court erred in sentencing him pursuant to 21 U.S.C. §§ 841(b)(1)(C) and 960(b)(3)—which prescribe zero-to-twenty year prison terms for trafficking in unspecified quantities of Schedule II controlled substances such as cocaine. He maintains that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), required the district court to sentence him to the least severe zero-to-one year prison term prescribed in §§ 841(b)(3) and 960(b)(7) for trafficking in Schedule V controlled substances such as codeine mixed with "non-narcotic active medicinal ingredients." 21 C.F.R. § 1308.15.

To the extent Brathwaite's argument raises questions of law or sufficiency, our review is *de novo*, but we view the evidence in the light most favorable to the jury verdict. *See United States v. Thompson*, 961 F.3d 545, 549 (2d Cir. 2020); *United States v. Litvak*, 889 F.3d 56, 65 (2d Cir. 2018). We assume the parties' familiarity with the facts and record of proceedings, which we reference only as necessary to explain our decision to affirm.

In *Apprendi v. New Jersey*, the Supreme Court stated that the Fifth and Sixth Amendments to the Constitution require that "any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." 530 U.S. at 476 (internal quotation marks omitted). Following *Apprendi*, this court ruled *en banc* that "if the type and quantity of drugs involved in a charged crime may be used to impose a sentence above the statutory maximum for an indeterminate quantity of drugs, then the type and quantity of drugs is an element of the offense that must be charged in the indictment and submitted to the jury." *United States v. Thomas*, 274 F.3d 655, 660 (2001) (*en banc*). No *Apprendi/Thomas* concern arises here because, to the extent cocaine, even in an unquantified amount, increases the maximum penalty for drug trafficking above what it would be for Schedule III, IV, or V controlled substances, the government here pleaded and proved that the charged conspiracies in fact dealt in cocaine. Indeed, the district court specifically charged the jury that, to find the defendant guilty, "the government must prove beyond a reasonable doubt that the defendant conspired to import cocaine into the United States." App'x at 59 (instructing on Count One); *see id.* at 60–61 (cross-referencing instruction with respect to Count Two). No other drug was at issue. *Cf. United States v. Zillgitt*, 286 F.3d 128, 133–36 (2d Cir. 2002) (discussing findings required when government charges conspiracy trafficking in multiple drugs falling within different schedules and, therefore, subject to different statutory sentencing ranges). Certainly, no facts were adduced suggesting that the conspiracy trafficked in Schedule V controlled substances.[1]

---

[1] The omission is not easily overlooked. Section 841(b)(3) is not a fallback provision applicable whenever the government fails to prove the particular controlled substance involved in a charged crime. Rather, it pertains to offenses involving (1) "narcotic drugs containing non-narcotic active medical ingredients," *i.e.*, codeine, dihydrocodeine, ethylmorphine, diphenoxylate, opium, and difenoxin; (2) stimulants, *i.e.*, pyrovalerone; and (3) central nervous system depressants, *i.e.*, brivaracetam, cenobamate, ezogabine, lacosamide, lasmiditan, and pregabalin. 21 C.F.R. § 1308.15. Thus, although we need not decide the question here, it is not apparent that § 841(b)(3)

3

Insofar as Brathwaite argues that, to punish him for conspiring to traffic in a Schedule II controlled substance, the government was *further* obliged to prove that he knew (or could reasonably foresee) the type of drug involved in the conspiracy he joined, *Apprendi* does not compel that conclusion. *See United States v. King*, 345 F.3d 149, 151 (2d Cir. 2003) (stating that *Apprendi* did not "alter[] th[e] well-settled principle" that "sentencing enhancements provided in § 841(b) are imposed regardless of the defendant's state of mind concerning the type or quantity of drugs in his possession"). The principle reaches conspiracy cases. As this court ruled in *United States v. Andino*, 627 F.3d 41 (2d Cir. 2010), "the government need not prove *scienter* as to drug *type* or *quantity* when a person personally and directly participates in a drug transaction underlying a conspiracy charge." *Id.* at 47 (emphasis in original) (collecting cases in "reaffirm[ing] . . . rule" as applied to conspiracy cases); *see id.* at 45–46 (explaining how statutory structure of § 841 supports conclusion). That is this case.

Even if Brathwaite's recruitment of couriers would not, by itself, demonstrate his personal and direct participation in the conspiracies' drug transactions, *cf. id.* at 47 n.3 (citing courier case to illustrate where participation was insufficiently personal and direct); *accord United States v. Culbertson*, 670 F.3d 183, 191 (2012), that was not the limit of Brathwaite's service to the conspiracy. Specifically, in September 2015, Brathwaite himself acted as a drug courier for the conspiracy, and thus personally and directly participated in the conspiracies' objects of possession and importation of controlled substances into the United States. *See United States v. Andino*, 627 F.3d at 47 n.3 (explaining that, in cases where defendants directly participated or personally

---

can be applied in the absence of any factual support. *Cf. United States v. Outen*, 286 F.3d 622, 638 (2d Cir. 2002) ("In applying *Apprendi* to two or more statutory provisions . . . the proper 'baseline' or 'default' provision is not the provision with the lowest penalty, but rather the one which states a complete crime upon the fewest facts." (emphasis omitted)).

transported drugs, court "did not require proof of reasonable foreseeability as to type and quantity"). In these circumstances, where the evidence, viewed most favorably to the jury's verdict, was sufficient to demonstrate that the controlled substance imported and possessed by Brathwaite was cocaine, the government was not required further to prove that Brathwaite knew or could reasonably have foreseen the type of drug he carried in order for the district court to sentence him under the statutory penalty provisions pertaining to unspecified amounts of a Schedule II controlled substance.[2]  *See id.*, 627 F.3d at 47.

We have considered Brathwaite's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] We note that evidence also showed that, on September 21, 2015, within days of two couriers (one recruited by Brathwaite) successfully importing cocaine into the United States, Brathwaite was one of four conspirators who wired thousands of dollars to drug confederates in Trinidad. Viewed in the light most favorable to the government, this evidence indicates a distribution of financial proceeds of a drug transaction. We do not here decide whether a person who participates in such distribution is personally and directly involved in the drug transaction generating the proceeds, *see generally United States v. Salmonese*, 352 F.3d 608, 615 (2d Cir. 2003) (reciting rule that "where a conspiracy's purpose is economic enrichment, the jointly undertaken scheme continues through the conspirators' receipt of 'their anticipated economic benefits'" (quoting *United States v. Mennuti*, 679 F.2d 1032, 1035 (2d Cir. 1982)), because the government did not make this particular argument on appeal.