18-1219-cr
*United States v. Clarence Adams*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of April, two thousand twenty-two.

Present:     DEBRA ANN LIVINGSTON,
                  *Chief Judge*,
             GERARD E. LYNCH,
             RAYMOND J. LOHIER, JR.,
                  *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                  *Appellee*,

        v.                                                          18-1219-cr

CLARENCE ADAMS,

                  *Defendant-Appellant*,

ROBERT HALL,

                  *Defendant*.

_____

For Appellee:                                        KATHERINE A. GREGORY,
                                                     Assistant    United    States

Attorney (Tiffany H. Lee, Assistant United States Attorney, *on the brief*), *for* Trini E. Ross, United States Attorney, Western District of New York, Buffalo, NY.

For Defendant-Appellant: JEREMIAH DONOVAN, Old Saybrook, CT.

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED.**

Defendant-Appellant Clarence Adams ("Adams") pleaded guilty to conspiracy to distribute a controlled substance, namely, five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. In advance of Adams's plea, the government filed an information pursuant to 21 U.S.C. § 851, notifying Adams that it intended to rely upon his prior conviction in 2010 for attempted criminal sale of a controlled substance in the third degree under New York law as the basis for increased punishment.[1] In his plea agreement and at his plea allocution, Adams stipulated that his prior state drug conviction is a prior drug felony that subjects him to enhanced penalties under 21 U.S.C. § 841(b)(1)(A). He further agreed that his prior drug conviction and prior conviction for attempted murder under New York law render him a Career Offender subject

---

[1] Although the statutory citations for Adams's state drug conviction do not appear in the record, criminal sale of a controlled substance in the third degree is punishable under New York Penal Law ("NYPL") § 220.39, and the relevant attempt provision is set forth in NYPL § 110.00.

2

to certain specific offense enhancements under § 4B1.1(b) of the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G.").

Adams's plea agreement also contained a provision in which he waived the right to appeal any sentence within or below the stipulated Guidelines range of 292 to 365 months. The district court sentenced Adams to a term of 250 months' imprisonment, a sentence below the stipulated Guidelines range, to be followed by ten years' supervised release. Adams appeals, arguing that his appeal waiver is invalid and that, accordingly, he may challenge his sentence on the grounds that it is substantively and procedurally unreasonable, that the definitions of a felony drug offense in 21 U.S.C. § 841(b)(1)(A)(ii) and of a controlled substance offense in U.S.S.G. § 4B1.1 are unconstitutionally vague, and that inchoate offenses cannot serve as predicates for career-offender enhancements. We assume the parties' familiarity with the underlying facts and procedural history of the case, and with the issues on appeal.

\* \* \*

"This Court has repeatedly held that a knowing and voluntary waiver of the right to appeal a sentence is presumptively enforceable." *United States v. Ojeda*, 946 F.3d 622, 629 (2d Cir. 2020) (citations omitted). "While we have declined to enforce such waivers in certain exceptional circumstances, these exceptions occupy a very circumscribed area of our jurisprudence." *Id.* (internal citations and quotation marks omitted). "[W]e have in prior cases articulated four grounds on which an appeal waiver may be deemed unenforceable: (1) where the waiver was not made knowingly, voluntarily, and competently; (2) where the sentence was based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases; (3) where the government breached the agreement containing the waiver; and (4) where the district

3

court failed to enunciate any rationale for the defendant's sentence." *United States v. Burden*, 860 F.3d 45, 51 (2d Cir. 2017) (internal citations and quotation marks omitted). "[W]hile we will void an appeal waiver that violates certain fundamental rights, other meaningful errors are insufficient to void an appeal waiver." *United States v. Coston*, 737 F.3d 235, 237 (2d Cir. 2013) (internal citation and quotation marks omitted). Indeed, we have "upheld waiver provisions even in circumstances where the sentence was conceivably imposed in an illegal fashion or in violation of the Guidelines, but yet was still within the range contemplated in the plea agreement." *Ojeda*, 946 F.3d at 629.

Adams raises several challenges to the validity of the appeal waiver in his plea agreement, none of which is persuasive. First, he asserts that the parties were mutually mistaken in their conclusion that his prior conviction under New York law subjected him to enhanced penalties at sentencing. But we have held that "[a] mutual mistake concerning the proper Guidelines range is an insufficient basis to void a plea agreement." *United States v. Riggi*, 649 F.3d 143, 149 (2d Cir. 2011); *accord id.* at 147–48 (explaining that we have previously enforced waivers even where the sentencing court allegedly "failed to make certain downward departures prior to sentencing"). Here, the agreement provides, *inter alia*, that Adams "knowingly waives the right to appeal . . . any component of a sentence . . . which falls within or is less than the [agreement's] sentencing range for imprisonment . . . notwithstanding the manner in which the Court determines the sentence." App'x 48. Adams argues that his challenge concerns "not only the [G]uideline[s] calculations but also the statutory minimum sentence." Br. of Adams at 16. But Adams generally waived his right to appeal any sentence below the stipulated Guidelines range, and we

4

have held that even when "a sentence was arguably imposed contrary to a statutory requirement," this alone is "insufficient to void an appeal waiver." *Riggi*, 649 F.3d at 147.[2]

Second, Adams argues that the appeal waiver must be set aside because he is "being sentenced on the basis of an information that increased his mandatory minimum without being afforded the protections established by 21 U.S.C. § 851," a "grave error that justifies a refusal to enforce an appellate waiver." Br. of Adams at 18. We disagree. Adams argues that while he was served with an information notifying him of his previous conviction pursuant to § 851(a)(1), the district court never inquired of him regarding this conviction pursuant to § 851(b). At the plea allocution, however, the prosecutor, in reciting the terms of the plea agreement, stated that the government had filed an information pursuant to § 851 and that Adams "admits that [he] has a prior drug felony conviction for attempted criminal sale of a controlled substance in the third degree from May 28th, 2010 which subjects [him] to the enhanced penalties provided for in Title 21, United States Code, Section 841(b)(1)(A)." App'x 122. The district court then asked Adams whether he understood, and Adams responded, "Yes, Your Honor." *Id.* Adams also

---

[2] Adams attempts to distinguish the cases cited above by contending that he seeks not the invalidation of his plea agreement, but only the "reformation" of the agreement, based on "mutual mistake" on the part of both parties about the applicable mandatory minimum sentence. But if such a mistake does not authorize invalidation of the agreement and withdrawal of Adams's plea, restoring the parties to the position they were in before the agreement, still less can it justify the inequitable relief he requests, which would delete a significant concession he made to obtain the agreement, while allowing him to retain the benefits he received under the agreement. Moreover, as discussed more fully below, *see* note 3, *infra*, it is not at all clear on this record that the parties were in some simple sense "mistaken." The issue of the correct application of the "categorical approach" to cases like his was at the time of his plea — and remains to this date — unsettled. Parties to plea agreements, as to other settlements, regularly stipulate to resolve issues that could have been litigated, preferring to accept the stipulated resolutions in order to achieve the benefits of the agreement.

stipulated in the plea agreement itself that he had the prior 2010 conviction. Thus, while the district court did not *itself* explicitly inquire as to the accuracy of the information, the district court had before it Adams's answer confirming his admission on that subject. On these facts, even if the district court itself did not pose the question, any error in failing to do so does not fall within the exception for fundamental rights or errors of a constitutional dimension that we have recognized as a ground for voiding an appeal waiver. *See Coston*, 737 F.3d at 237 ("[W]hile we will void an appeal waiver that violates certain fundamental rights, other meaningful errors are insufficient to void an appeal waiver." (internal citation and quotation marks omitted)); *Burden*, 860 F.3d at 51 ("[A]n appeal waiver may be deemed unenforceable[] . . . where the sentence was based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases." (internal citations and quotation marks omitted)).

Third, Adams claims he did not knowingly, voluntarily, and competently enter into his plea agreement because the district court failed adequately to advise him pursuant to Federal Rule of Criminal Procedure 11(b)(1)(I) of any applicable mandatory minimum penalty. But Adams does not argue that the district court failed to advise him of the mandatory minimum; instead, he asserts that the district court should have applied a *different* mandatory minimum.[3] Rather than a

---

[3] Adams claims that under the "categorical approach" that we adopted in *United States v. Thompson*, 961 F.3d 545 (2d Cir. 2020), his prior conviction under NYPL § 220.39, Criminal Sale of a Controlled Substance in the Third Degree, cannot serve as a predicate for an enhancement under 21 U.S.C. § 841(b)(1)(A). But even if this matter were properly before us, Adams is unable to show plain error, the applicable standard given his failure to object. Among other reasons, when Adams was convicted in 2010 under NYPL § 220.39, the state statute was "parallel to or narrower than" § 841(b)(1)(A), the federal analog, *Thompson*, 961 F.3d at 549 & n.6, and Adams alleges that it was not until the Controlled Substances Act was amended in 2015 that the state and federal statutes diverged, supposedly rendering his conviction under NYPL § 220.39 an invalid predicate for the enhancement under § 841(b)(1)(A). But the question whether to compare the

6

challenge to the validity of Adams's appeal waiver, this line of argument is an assertion that the district court's sentence was imposed in error — a claim which Adams cannot pursue until he has demonstrated that the waiver is void. *See United States v. Granik*, 386 F.3d 404, 412 (2d Cir. 2004) ("Knowing and voluntary appellate waivers included in plea agreements must be enforced because, if they are not, the covenant not to appeal becomes meaningless and would cease to have value as a bargaining chip in the hands of defendants." (internal citation and quotation marks omitted)).

Fourth and finally, Adams argues that his appeal waiver should be voided because he received ineffective assistance of counsel. Adams's appeal waiver would indeed be "unenforceable if he prevailed on his claim that he received constitutionally ineffective assistance of counsel during his plea proceedings." *United States v. Lloyd*, 901 F.3d 111, 124 (2d Cir. 2018) (citations omitted). But "[w]here the record on appeal does not include the facts necessary to adjudicate a claim of ineffective assistance of counsel, our usual practice is not to consider the claim on the direct appeal, but to leave it to the defendant to raise the claims on a petition for habeas corpus under 28 U.S.C. § 2255." *United States v. Oladimeji*, 463 F.3d 152, 154 (2d Cir. 2006). Because his ineffective assistance claim is not fully developed at this stage, we conclude that it is best brought before the district court in the first instance.

---

state and federal statutes at the time of conviction or at the time of sentencing is unsettled and currently the subject of a pending appeal (involving the enhancement under U.S.S.G. § 4B1.1) before a different panel of this Court. *See United States v. Gibson*, No. 20-3049. Accordingly, even if Adams's appeal waiver were invalid (and as set forth herein, it is not) Adams could not succeed in demonstrating that the district court plainly erred in applying the enhancement pursuant to § 841(b)(1)(A). *See United States v. Napout*, 963 F.3d 163, 183 (2d Cir. 2020) (noting that for an error to be plain, "it must, at a minimum, be clear under current law" (citation omitted)).

We have considered Adams's remaining arguments that his appeal waiver should be set aside and find them to be without merit.[4]   Accordingly, Adams's appeal is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[4] In light of this determination, we do not reach the arguments that Adams advances to challenge the merits of his sentence.